## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 14-191** |
| **ANTHONY H. JACKSON, SR.** | **SECTION I** |

### <u>ORDER & REASONS</u>

Before the Court is *pro se* defendant Anthony H. Jackson, Sr.'s ("Jackson") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion.[2] Because Jackson has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

### I.

On February 19, 2015, Jackson pled guilty to all three counts of a superseding bill of information,[3] which charged him with (1) conspiracy to distribute a quantity of a mixture or substance containing a detectable amount of heroin and hydrocodone, in violation of Title of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; (2) possession of a firearm after a felony conviction, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) conspiracy to corruptly obstruct, influence, or impede an official proceeding, in violation of Title 18 U.S.C. §§ 1512(c)(2) and (k).[4] The Court sentenced

---

[1] R. Doc. No. 304.
[2] R. Doc. No. 308 (sealed).
[3] R. Doc. No. 67.
[4] R. Doc. No. 66 (superseding bill of information).

Jackson on March 15, 2015 to a term of imprisonment of 90 months as to each count, to be served concurrently, and to a three-year term of supervised release as to each of the three counts, to be served concurrently.[5]  Jackson's term of imprisonment was subsequently reduced to 77 months as to each count, to be served concurrently.[6] Jackson is currently incarcerated at FCI Hazelton; his projected release date is January 23, 2022.[7]

Jackson asks the Court to grant him compassionate release due to the COVID-19 pandemic.[8]  He contends that he suffers from an immune disorder, diabetes, and a heart condition, which he states place him "at greater risk of death" if he were to contract COVID-19.[9]  In support of these claims, Jackson appends his Bureau of Prisons ("BOP") medical records, which state that he suffers from glaucoma, a reflux disease, a joint disorder in his left shoulder, hypertension, and prediabetes.[10]

Jackson does not assert that he has submitted a request for compassionate release to the warden of FCI Hazelton or otherwise exhausted his administrative remedies with the BOP.

The government opposes Jackson's motion.  The government asserts that Jackson has not "presented an internal request for release to his warden to start the 30-day clock that must run before this Court has authority to entertain his motion,

---

[5] R. Doc. No. 251, at 2–3.
[6] R. Doc. No. 303, at 2 (sealed).
[7] R. Doc. No. 308, at 2 (sealed).
[8] R. Doc. No. 304, at 2.
[9] *Id.*
[10] R. Doc. No. 304-1, at 1, 3.

nor has he otherwise exhausted his administrative remedies[.]"[11]   Additionally, the government states that "BOP has affirmed that it does not have a request from Jackson."[12] Alternatively, the government argues that, should the Court reach the merits, compassionate release should be denied because Jackson "has not demonstrated 'extraordinary and compelling reasons' warranting release."[13]   The government also argues that other factors weigh against Jackson's release.[14]

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

---

[11] R. Doc. No. 308, at 1 (sealed).
[12] *Id*. at 8, 13 ("On September 16, 2020, BOP informed the [government][ that no such request was received.").
[13] *Id*. at 13.
[14] *Id*. at 20.

the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In *United States v. Franco*, the Fifth Circuit determined that the administrative exhaustion requirement "is *not* jurisdictional, but that it *is* mandatory." No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020) (emphasis in original). This holding comports with that of three other circuits. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) (explaining that a court "may not grant relief" if the defendant has not complied with the exhaustion requirement, which operates as an "unyielding procedural requirement[]") (internal quotation and citations omitted); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *See, e.g.*, *United States v. Evans*, No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020).

**III.**

Jackson has not made a showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of the facility where he is incarcerated.  *See* 18 U.S.C. § 3582(c)(1)(A).  Because Jackson has not satisfied his burden of proof with respect to 18 U.S.C. § 3582(c)(1)(A)'s statutory exhaustion requirement, Jackson's motion for compassionate release is not properly before the Court.

## IV.

Accordingly,

**IT IS ORDERED** that Jackson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**.  Jackson may refile his motion once he has satisfied one of the two avenues for exhaustion pursuant to 18 U.S.C. § 3582(c)(1)(A).

New Orleans, Louisiana, October 7, 2020.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**